FILED
at ___ O'clock & ___ min ___ M
OCT 01 2009
United States Bankruptcy Court
Columbia, South Carolina (25)

ENTERED
OCT -1 2009
SRP

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

Richard Francis Sanford,

Debtor(s).

C/A No. 09-01116-JW

Chapter 7

AMENDED ORDER[1]

This matter is before the Court on the Objection to Exemption and Motion for Turnover filed by Michelle L. Vieira, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Richard Francis Sanford ("Debtor"). Debtor filed a Response to the Objection to Exemption and an Objection to the Motion for Turnover. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (E). Pursuant to Federal Rule of Civil Procedure 52, which is made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c), the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1.   On February 17, 2009, Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

2.   Simultaneously with his petition, Debtor filed his schedules and statements. On Schedule B - Personal Property, Debtor listed household goods and furnishings totaling $3,690.00, which included living room furniture worth $650.00, bedroom furniture worth $1800.00, a washing machine worth $200.00, a dryer worth $100.00, dishes and cookware worth $150.00, two chairs worth $100.00, a vacuum

---

[1]   This Order is being amended at the request of the parties to correct typographical errors.

1

cleaner worth $25.00, an iron worth $15.00, two radios worth $50.00, a television worth $200.00, and a VCR/DVD worth $100.00, located at an unspecified location. Debtor also disclosed a 1996 Sea Ray 22' Bowrider boat with a Mercury 210 outboard motor ("Boat"), a Sea Doo Jet Ski ("Jet Ski"), and a John Hancock 401(k) Account. Debtor listed no items of sports memorabilia, jewelry, artwork, or other furniture on Schedule B.

3. On Schedule C – Property Claimed as Exempt, Debtor claimed an exemption for the household goods and furnishings in the amount of $3,690.00. He also claimed an exemption for the John Hancock 401(k) Account under S.C. Code Ann. § 15-41-30(A)(13). He did not claim an exemption for the Boat or the Jet Ski.

4. On his Statement of Intent, Debtor indicated, *inter alia*, that he intended to retain a condominium located at Village at Sandhills ("Condo") and surrender real property located at 335 Lemonts Rd., Chapin, South Carolina ("Residence").

3. On March 27, 2009, the first scheduled meeting of creditors was held. In response to questioning by the Trustee, Debtor revealed the existence of previously undisclosed furniture and other items of personal property located within his Condo. The Trustee requested that the Debtor amend his schedules to include these items of personal property. The Trustee also notified Debtor that she would be liquidating the Boat and the Jet Ski because there was no lien on these items and Debtor had not claimed an exemption for these items.

4. On April 1, 2009, unbeknownst to the Trustee, the Boat and Jet Ski were removed from the Residence by Ray Clepper Marine Service.

5. On April 8, 2009, Debtor filed an Amended Schedule B to list additional household goods totaling $2,650.00 located within the Condo, which included bedroom

2

furniture worth $1,150.00, family room furniture worth $800.00, study furniture worth $350.00, patio furniture worth $150.00, and pictures and wall ornaments worth $200.00. Debtor also filed an Amended Schedule C where he claimed an exemption for the household goods and furnishings located in the Condo in the amount of $2,650.00.

6.     The Trustee conducted the continued meeting of creditors on April 9, 2009. After this meeting, the Trustee learned that Debtor was having a moving company move his personal property, including household goods and furniture, out of his Residence.

7.     After being notified that a moving truck was at Debtor's home, the Trustee requested that the Court conduct an emergency hearing regarding Debtor's removal of personal property from the Residence. Following a telephonic hearing, the Court issued an order on April 9, 2009, requiring the return of the personal property to the Residence and authorizing the Trustee to photograph, inventory and appraise the personal property.

8.     On April 14, 2009, the Trustee conducted an inventory and appraisal of Debtor's property.

9.     The Trustee conducted a Rule 2004 examination of the Debtor on April 23, 2009. At the Trustee's request, Debtor brought documents to the Rule 2004 examination which revealed for the first time the existence of a retirement account with Woodberry Financial ("Woodberry IRA Account") and a NFL Players Association Pension ("NFL Pension").

10.    On May 15, 2009, the Trustee filed the Objection to Exemption, which requested that the Court (1) disallow any exemption in the Condo furniture and contents because the property was not disclosed; (2) order that all Debtor's personal household

goods and furnishings be turned over to the Trustee and sold and that Debtor be allowed to bid the allowed amount of his originally claimed exemption, $3,690.00, on any personal property he wishes to retain and disallow any exemption in the John Hancock 401(k) Account. The Trustee also filed a Motion for Turnover seeking turnover of the items at issue in her Objection to Exemption, as well as a First Citizens Bank Account, which had a balance of $14,040.82 as of February 17, 2009 ("First Citizens Account"), the Woodberry IRA Account, the NFL Pension, sports memorabilia, art work, jewelry, Debtor's 50% interest in S & S Ventures, LLC, the Boat and the Jet Ski.

11. On May 19, 2009, Debtor amended Schedules B and C, and his Statement of Financial Affairs a third time. The amendments to Schedule B mirror the description and value of the Trustee's inventory conducted on April 14, 2009. Specifically, Debtor listed the items contained in the Trustee's inventory as well as the Woodberry IRA Account and the NFL Pension. Schedule C was amended to claim an exemption for these added items.

12. Debtor filed an Objection to the Trustee's Motion for Turnover on June 3, 2009.

13. On June 5, 2009, the Trustee filed an Amended Objection to Exemption to object to Debtor's additional claims of exemptions.

14. Debtor filed a response to the Trustee's Amended Objection to Exemption on June 8, 2009.

15. On June 12, 2009, Debtor amended Schedule C a fourth time to change the statute under which Debtor claimed an exemption in his retirement accounts to 11 U.S.C. § 522(b)(3)(C).

16. The Court conducted a hearing on the Trustee's Motion for Turnover and Amended Objection to Exemption on August 11, 2009. At the hearing, Debtor indicated that he did not object to the turnover of several of the items in dispute.

17. On August 17, 2009, as a result of the hearing, Debtor amended Schedule C for the fifth time to delete any claims of exemptions for the Condo furniture, the sports memorabilia located at the Residence and Debtor's place of business, jewelry, and art work. He now limits his claim of exemptions in furnishings and household goods to the following property, with a total value of $3,550: crystal bowl and pitcher worth $25, white refrigerator worth $250, miscellaneous kitchen pitchers/bowls/wine glasses worth $50, 1 large mirror worth $50, living room furniture (couch, leather Lazyboy recliner, side chair with ottoman, and lamps) worth $500, master bedroom set (bed, 2 dressers, chair) worth $2000, entertainment center/chest of drawers worth $300, a Samsung TV worth $25, and a washer/dryer set worth $350.

18. On August 18, 2009, the Trustee and Debtor filed post trial memoranda setting forth the issues that have been resolved and the remaining matters in dispute.

## CONCLUSIONS OF LAW

The Trustee's Objection to Exemption, as amended, requests that the Court disallow the Debtor's claim for an exemption in certain items of personal property, his NFL Pension, and the Woodberry IRA Account on the grounds that these items were not honestly disclosed, and an exemption in the John Hancock 401(k) Account on the grounds that Debtor has claimed only a federal exemption and is bound by state law to the state law exemptions. The Trustee further seeks turnover of these items pursuant to

11 U.S.C. § 542(a), if her Objection to Exemption is sustained.[2] It appears that the Trustee questions Debtor's overall honesty and truthfulness due to his failure to disclose such a significant number of assets and his attempts to move certain assets. The Debtor's failure to disclose is the subject of a pending adversary proceeding seeking denial of discharge filed by the United States Trustee.

## I.    *Property No Longer In Dispute*

Debtor's post hearing amendment of Schedule C, which deleted several claims of exemptions, appears to concede the Trustee's objections to the exemptions for the Condo furniture, sports memorabilia, jewelry, and art work and effectively moots the Trustee's Objection with respect to these items. Debtor also does not object to the turnover of the Boat, the Jet Ski, and his 50% partnership interest in S & S Ventures, LLC. Accordingly, the Trustee's Motion for Turnover is granted with respect to these items and the Trustee may liquidate these items for the benefit of the estate.

## II.    *Disputed Items of Property*

Debtor's exemption on the following items of property remains in dispute based on Debtor's failure to disclose: the Woodberry IRA Account, household goods (other than those located at the Condo), the First Citizens Bank Account, and the NFL Pension.

### a.    *Debtor's Duty to Disclose and Right to Amend Exemptions*

In order to receive the benefits and protections of the Bankruptcy Code, debtors have a duty to disclose whatever interests they hold in property by filing complete and

---

[2] Section 542(a) provides:

Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

6

accurate schedules and statements. In re Hooper, 274 B.R. 210, 200 (Bankr. D.S.C. 2001). The debtor's duty to disclose requires the debtor to disclose assets even if they are believed to be worthless or unavailable to the bankruptcy estate because they are exempt from execution. In re Gartman, C/A No. 06-05307-JW, slip op. (Bankr. D.S.C. Mar. 30, 2007). Complete and accurate information regarding debtor's assets and liabilities is necessary to ensure the proper administration and adjudication of the case.

Generally, debtors are permitted to amend their schedules without court approval at any time before their case is closed pursuant to Fed. R. Bankr. P. 1009(a). However, amendments may be denied where the debtor has made such amendments in bad faith, the debtor has concealed property, or if creditors or third parties would be prejudiced by the amendment. In re Vidis, C/A No.08-03242-DD, slip op. at 5 (Bankr. D.S.C. Feb. 20, 2009). Further, the Court may deny a debtor's exemption where the debtor, either intentionally or with reckless disregard for the truth, failed to disclose all assets of the bankruptcy estate. Id. (citing In re Cooper, C/A No. 04-00900-W, slip op. (Bankr. D.S.C. May 7, 2003)).

    b.    *Objection to Exemption for Woodberry IRA Account - Nondisclosure*

The Trustee argues that Debtor's exemption in the Woodberry IRA Account should be denied because Debtor failed to list the Woodberry IRA Account in the initial Schedule B and in the amended Schedule B filed on April 8, 2009. Debtor testified that he did not separately list the Woodberry IRA Account because he believed it was part of his John Hancock 401(k) account. Debtor's initial Schedule B showed the John Hancock 401(k) with a value of $135,000.00. Debtor again amended Schedule B on May 19, 2009, following his Rule 2004 Examination. In his Schedule B filed on May 19, 2009,

7

Debtor reduced the value of the John Hancock 401(k) account from $135,000.00 to $108,576.71 and added an "IRA-Woodberry Financial" account with a value of $22,067.60. The fact that Debtor initially overstated the value of the John Hancock gives credence to his contention that he mistakenly believed the Woodberry IRA Account was part of his John Hancock Account. The evidence presented fails to persuade the Court that Debtor either intentionally or with reckless disregard for the truth failed to disclose the Woodberry IRA Account. Accordingly, the Trustee's Objection to Exemption in the Woodberry IRA Account on this ground is overruled.

    c.    *Objection to Exemption & Motion for Turnover of Woodberry IRA Account and John Hancock 401(k) Account - Improper Exemption Claimed*

Additionally, the Trustee argues that because South Carolina has opted out of the federal exemptions, Debtor is limited to claiming exemptions provided under South Carolina law. Since Debtor now claims only a federal exemption for the Woodberry IRA Account and the John Hancock 401(k) Account pursuant to 11 U.S.C. § 522(b)(3)(C),[3] the Trustee asserts that the exemption should be denied and Debtor's interest in each account should be turned over to the Trustee.

Section 522(b)(1) of the Bankruptcy Code permits a debtor to choose the federal exemptions listed in § 522(d) unless applicable state law restricts the debtor to the

---

[3] The initial basis for Debtor's assertion of exemption in the Woodberry Financial IRA Account and the John Hancock 401(k) Account was S.C. Code § 15-41-30(a)(13), which provides an exemption for "the debtor's right to receive individual retirement accounts as described in Sections 408(a) and 408A of the Internal Revenue Code, individual retirement annuities as described in Section 408(b) of the Internal Revenue Code, and accounts established as part of a trust described in Section 408(c) of the Internal Revenue Code, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." Following the Trustee's Objection to Exemption on the grounds that the retirement accounts were not reasonably necessary for the support of Debtor or any of his dependents, Debtor amended Schedule C to change the statute under which he claimed an exemption for these retirement accounts to 11 U.S.C. § 522(b)(3)(C), which does not require a showing that the retirement accounts are reasonably necessary for Debtor's or his dependents' support.

8

exemptions that are available under state law. See In re Bunker, 312 F.3d 145, 151 (4th Cir. 2002). South Carolina has opted out of the federal exemption scheme. See S.C. Code Ann. § 15-41-35 (providing that "[n]o individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in 11 U.S.C. § 522(d) except as may be expressly permitted by this chapter or by other provisions of law of this State.") However, Congress, through the enactment of the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), created an exemption for certain retirement and deferred compensation funds under the federal exemptions, which preempts the state law exemptions even if the state has opted out of the federal exemptions. See In re Malsch, 400 B.R. 584, 592 (Bankr. N.D. Ohio 2008); In re Braulick, 360 B.R. 327, 332 (Bankr. D. Mont. 2006); In re Patrick, ___ B.R. ___, 2008 WL 5521181 (Bankr. C.D. Cal. 2008); 4 COLLIER ON BANKRUPTCY ¶ 522.10[8] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.)("To expand the protection of certain tax-exempt retirement plans, Congress created as part of the 2005 Act a category of exemption rights that may be exercised by the debtor even if the debtor's state has opted out of the federal exemption scheme.") Section 522(b)(3)(C) provides in relevant part that, notwithstanding state law, "an individual debtor may exempt from property of the estate ... retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986."

As the objecting party, the Trustee bears the burden of proving the exemptions are not properly claimed. Fed. R. Bankr. P. 4003(c). No evidence has been presented that indicates that these retirement accounts would not qualify for an exemption under

§ 522(b)(3)(C). Thus, it appears that Debtor may be entitled to claim this exemption for the John Hancock 401(k) Account and the Woodberry IRA Account and the Trustee's Objection to Exemption with respect to these retirement accounts on the grounds that Debtor is limited to the state law exemptions should be overruled. Based on the foregoing, the Trustee's Motion for Turnover is denied as to the Woodberry IRA Account and the John Hancock 401(k) Account.

    *d.*    *Objection to Exemption and Motion for Turnover of Household Goods*

The Trustee does not object to Debtor being allowed an exemption in household goods in the amount of $3,690.00, which is the amount of Debtor's original claim of exemption for these items. However, the Trustee argues that Debtor undervalued the household goods claimed as exempt and argues that a reasonable resolution would be to have all the household goods sold at auction and allow the Debtor to credit bid up to the value of his original claim of exemption.[4] The Court has examined the valuations of the subject items of property presented by Debtor and the Trustee and finds that the values given by each are not significantly different. The Trustee has not presented any authority that would support the sustaining of the objection to exemption on the basis of undervaluation of the property claimed as exempt.[5] As a result of the Trustee's efforts, Debtor has effectively reduced his exemption claim for household goods to $3,550.00. Accordingly, the Trustee's Objection to Exemption with respect to this issue is overruled.

---

[4] Debtor's Amended Schedule C appears to adopt the values from the inventory list assembled by the Trustee's auctioneer. The Trustee argues that this value should not be applied because the auctioneer placed minimum values on the property.

[5] The Court notes that the alleged undervaluation of disclosed assets would be appropriately considered within the context of the U.S. Trustee's complaint seeking denial of Debtor's discharge. See In re Hake, 2007 WL 2254745, slip op. (N.D. Ohio 2007)(denying objection to exemption on basis of undervaluation and stating that "the remedy, if any, for an asset originally disclosed but allegedly undervalued is to seek a denial of Debtor's discharge.")

10

The Trustee seeks turnover of all household goods listed in an Inventory and Appraisal, which is attached to the Motion for Turnover. Debtor asserts that some items on the Inventory and Appraisal are owned by Sherry Sanford pursuant to the Decree of Divorce and Final Judgment filed by the Family Court on July 11, 2006. Debtor does not claim that he owns these items. Debtor presented the testimony of Ms. Sanford regarding the ownership of these items. To dispute Ms. Sanford's claim of ownership as to several items, the Trustee presented the testimony of Cindy Cornett, an interior designer who testified that she purchased many of the items on the Inventory and Appraisal for Mr. Sanford following his divorce from Ms. Sanford. The Court has considered the testimony and evidence presented regarding the items listed on the Inventory and Appraisal and finds that the following items may belong to Ms. Sanford:

1. American Heritage pool table with 5 cues, set of balls, and rack;
2. Ping pong table and accessories;
3. 2 red Sam Moore chairs with ottoman;
4. 1 set of surround sound speakers (Jamo) 6 speakers;
5. 1 Sherwood receiver;
6. 1 set roller blades;
7. 1 dollhouse 53 x 39;
8. 2 tennis rackets;
9. Round glass top patio set with 4 chairs;
10. 2 bar stools; and
11. Bicycles (Mountain Bikes)

Because Ms. Sanford is not a party to the Trustee's Motion for Turnover, the rights between the Trustee and Ms. Sanford cannot be fully determined at this time. Since Debtor claims no ownership interest in these items, the Court finds it appropriate to require Debtor to surrender possession of these items to the Trustee. The Trustee shall hold these items of property until a determination of Ms. Sanford's interest in such property is made by the Court or agreed to by those parties. As to the remaining items on the Inventory and Appraisal, the Trustee's Motion for Turnover is granted, with the exception of those items claimed as exempt on the amended Schedule C filed on August 17, 2009.[6] To the extent the Trustee seeks turnover of household goods claimed as exempt, her motion is denied.

    e.    *Objection to Exemption and Motion for Turnover of First Citizens Bank Account*

The Trustee also seeks turnover of the First Citizens Account. Debtor asserts that the First Citizens Account is not property of the estate because it is owned by a limited liability company, Rick Sanford Chiropractic and Medical, LLC, and all of the funds deposited into this account are generated by Debtor's business, a separate legal entity. He testified that he did not disclose the account because it is his business account and he thought he was only required to disclose personal accounts. He further testified that all funds deposited into this account are from his business and that many of his personal expenses are paid out of this account as part of his member draws. Debtor presented evidence indicating that the Tax Identification number associated with this account is the Federal Tax Identification number for the limited liability company. The Trustee

---

[6] The items which are exempt and therefore not subject to turnover include the crystal bowl and pitcher, white refrigerator, miscellaneous kitchen pitchers/bowls/wine glasses, 1 large mirror, living room furniture (couch, leather Lazyboy recliner, side chair with ottoman, and lamps), master bedroom set (bed 2 dressers, and chair), entertainment center/chest of drawers, Samsung TV, and the washer/dryer set.

presented a copy of the Business Signature Card with First Citizens Bank, which indicates that the account was held in the name of "RICK F SANFORD DBA RICK SANFORD CHIROPRACTIC" and was owned by a "Sole Proprietor." However, the Business Signature Card also shows the Tax Identification Number associated with Rick Sanford Chiropractic and Medical, LLC. Other than the Business Signature Card, no records relating to the First Citizens Account or details of account expenditures were introduced into evidence.

The evidence presented fails to persuade the Court that the First Citizens Account should be considered property of the estate. Since the Trustee failed to meet her burden of demonstrating that the First Citizens Account is property of the estate, her Motion for Turnover is denied without prejudice.

  *f.*  *Objection to Exemption and Motion for Turnover of NFL Pension*

Debtor asserts that his failure to disclose the NFL Pension was an oversight and was not an effort to conceal the asset from the Trustee. Debtor testified that he did not disclose the NFL Pension in his initial Schedules because he believed the asset was not part of the bankruptcy estate pursuant to 11 U.S.C. § 541(b)(7). He has now amended his Schedules to disclose and claim an exemption for the pension.

Section 541(b) sets forth a list of types of property that are specifically excluded from the broad definition of "property of the estate" provided by § 541(a). Section 541(b)(7), which was added by BAPCPA, excludes from property of the estate any amount "withheld by an employer from the wages or employees" or "received by an employer from employees" for payment as contributions to certain retirement plans, including an employee benefit plan that is subject to title I of the Employee Retirement

13

Income Security Act of 1974 (ERISA). To the extent that § 541(b)(7) applies, the issue of whether the NFL Pension may be claimed as exempt need not be determined because property must first be property of the estate before it can be exempted. In re Leahy, 370 B.R. 620, 624 (Bankr. D. Vt. 2007)(citing In re Sewell, 180 F.3d 707, 710 (5th Cir. 1999). Further, if § 541(b)(7) applies in this case, the Trustee's Motion for Turnover must be denied because the Trustee may seek turnover of property under § 542(a) only as to property of the bankruptcy estate. See Leahy, 370 B.R. at 625 (overruling trustee's objection to exemption and denying motion for turnover on the grounds that property was excluded from the bankruptcy estate); In re Orr, 2008 WL 244168, *3 (Bankr. C.D.Ill. Jan. 28, 2008)(allowing trustee's objection to exemption because property was not property of the estate and could not be exempted and denying trustee's motion for turnover for lack of jurisdiction).

The information necessary to make the determination of whether § 541(b)(7) applies is not before the Court. No documentary evidence relating to the NFL Pension was introduced into evidence and no testimony was put into the record that would establish whether the NFL Pension is or is not an ERISA-qualified employee benefit plan.[7] Accordingly, the Court finds that the Trustee's Motion for Turnover as to the NFL Pension should be denied without prejudice.

---

[7] The limited testimony presented regarding the NFL Pension established only that the Debtor, who has no legal training, was not sure what constituted an ERISA-qualified employee benefit plan.

## CONCLUSION

The Court is concerned by Debtor's late disclosure and ill-advised moving of estate property. The Trustee's diligence in this matter resulted in Debtor conceding much of the Trustee's objections and has made property available for liquidation and distribution for the benefit of creditors. The Court notes that issues relating to Debtor's honesty are to be addressed in the discharge adversary, W. Clarkson McDow, Jr. v. Richard Francis Sanford, Adv. Pro. No. 09-80083.

Based on the foregoing, it is hereby

ORDERED that the Trustee's Objection to Exemption is sustained in part and overruled in part; and

IT IS FURTHER ORDERED that the Trustee's Motion for Turnover is granted in part and denied in part. Debtor shall deliver to the Trustee all property required to be turned over pursuant to this Order on or before October 12, 2009.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
October 1, 2009

15